JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE CEDARS-SINAI DEFINED CONTRIBUTION RETIREMENT PLANS COMMITTEE,<br><br>          Plaintiff,<br>   v.<br><br>CHARLIE R. CONSTANTINO, et al.,<br><br>          Defendants. | Case No. 2:24-cv-06411-SRM-JPR<br><br>**JUDGMENT PURSUANT TO PARTIES' STIPULATION [84]** |

    This matter is before the Court on the Joint Stipulation of all remaining Parties to this action: Plaintiff Cedars-Sinai Defined Contribution Retirement Plans Committee ("Committee") and Defendants the Estate of Marcelino Constantino, the Constantino Revocable Trust, Marielle Constantino, Charlie R. Constantino, Christian R. Constantino, Jocelyn Constantino, and Maribelle Constantino Rivera ("Joint Stipulation"). *See* Dkt. 84. The counterclaim and third-party claim brought by the Estate of Marcelino against the Committee and Voya Financial have previously been dismissed. Dkt. 81.

    Having considered the Stipulation, the pleadings, the documents incorporated by reference, the papers submitted by the parties, and the relevant legal authorities, the Court finds this matter suitable for entry of Judgment as set forth below.

## I. Background

This interpleader action was filed by the Administrative Committee of the Cedars-Sinai Health System Retirement Plans (the "Committee") to resolve competing claims to benefits in two ERISA-governed retirement plans: the Cedars-Sinai Health System Defined Contribution Retirement Plan, Voya Plan No. 666397 ("401(a) Plan") and the Cedars-Sinai Health System 403(b) Retirement Plan, Voya Plan No. 666032 ("403(b) Plan"). *See generally* Dkt. 1. Voya Financial ("Voya") is an administrator of both Plans. *Id*. ¶1.

The undisputed facts are as follows: The plan participant, Estrellita Constantino, designated her husband, Marcelino Constantino, as the sole primary beneficiary of both Plans. Estrellita died on November 2, 2019, at which time the benefits vested in Marcelino. Marcelino subsequently died on September 29, 2020, without having taken distribution of the benefits or designated a new beneficiary. Conflicting claims of ownership were made, or were likely to be made, by the Defendants over amounts payable under both Plans. *Id*. ¶¶15-19.

The Committee determined it was unable to pay Estrellita's 401(a) Plan or 403(b) Plan account balances without assuming responsibility for questions of law and fact and without incurring the risk of being subject to costs and expenses in defending itself in a multiplicity of suits or the possibility of multiple liabilities for the 401(a) Plan and 403(b) Plan account balances. *Id*. ¶41. The Committee determined, based on the information then available, that it had a good faith basis to believe there were colorable competing claims under the Plans and thus the Committee was at risk for multiple liabilities. *Id*. ¶44. Thus, the Committee filed the instant interpleader action naming the Defendants.

## II. FINDINGS

1. The Court has jurisdiction over this interpleader under 29 U.S.C. §§ 1332(e) and 1132(a)(3); venue is proper; and all claimants to the benefits at issue have been served or appeared.

2. Conflicting claims were made to benefits payable from the 401(a) Plan and the 403(b) Plan, administered by the Committee, with administrative services by Voya.

**III.   ORDER**

Based on the foregoing and the Parties' Joint Stipulation, Dkt. 74, the Court finds it appropriate to resolve this matter and issues Judgment as follows:

1. **403(b) Plan – Proper Beneficiary.** Without delay, the Committee and/or Voya is **DIRECTED** to distribute the entire balance of the 403(b) Plan account at issue herein to Marielle Constantino as the proper beneficiary of the 403(b) Plan.

2. **401(a) Plan – Distribution.** Without delay, the Committee and/or Voya is **DIRECTED** to distribute the 401(a) Plan as follows:

    $50,000 to Charlie R. Constantino

    $50,000 to Christian R. Constantino

    $50,000 to Jocelyn Constantino

    $50,000 to Maribelle Constantino Rivera

    All remaining amounts to Marielle Constantino.

3. **Non-Beneficiaries.** The Estate of Marcelino Constantino and the Constantino Revocable Trust are not proper beneficiaries of either Plan and take nothing from either Plan.

4. **Fees and Costs.** Each party and Voya shall bear its own fees and costs.

5. **Discharge.** Upon distribution of the Plan benefits as ordered herein, the Committee and Voya are **DISCHARGED** from any and all liability to any party to this action with respect to the benefits at issue in this action and may rely on this Order in making the distributions directed.

6. **Permanent Injunction.** Having determined the proper beneficiaries of the Plans, the Committee, the Estate of Marcelino Constantino, the Constantino Revocable Trust, Marielle Constantino, Charlie R. Constantino, Christian R.

Constantino, Jocelyn Constantino, Maribelle Constantino Rivera, and Voya, and their officers, agents, servants, employees, attorneys, and persons in active concert or participation with them, are **PERMANENTLY ENJOINED** from instituting or prosecuting any proceeding in any State or United States court, arbitration, or administrative forum against any other party to this action that concerns or seeks to recover the benefits at issue in this action.

7. **Administration Cooperation.** Each recipient shall timely provide any information and execute any forms the Plans reasonably require to effectuate distribution.

8. **Other Relief, Closure, Retention.** All other pending motions are **DENIED AS MOOT**. The Clerk is **DIRECTED** to enter judgment under Fed. R. Civ. P. 54 and 58 and to **CLOSE** this case. The Court retains jurisdiction for 60 days to vacate this order and to reopen the action upon a showing of good cause that the settlement has not been completed. Failure to timely move to reopen the case will result in dismissal.

**IT IS SO ORDERED.**

Dated: September 26, 2025

_____
HON. SERENA R. MURILLO
UNITED STATES DISTRICT JUDGE